**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DAVID LYONS,

        Petitioner,               Case Number: 2:12-CV-14353

v.                                  HONORABLE STEPHEN J. MURPHY, III

ANTHONY WICKERSHAM, et al.,

        Respondent.
_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

This is a *pro se* prisoner civil rights case. David Lyons asserts claims under 42 U.S.C. § 1983. Lyons is incarcerated at the Macomb County Jail. He alleges that he is being denied his right of access to the courts, exposed to black mold in violation of the Eighth Amendment, and denied due process for a major misconduct hearing. Lyons fails to state a claim upon which relief may be granted and the Court will dismiss the complaint, pursuant to 28 U.S.C. § 1915(e)(2).

**LEGAL STANDARD**

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While this notice pleading standard does not require "detailed" factual allegations, *Twombly*, 550 U.S. at 555, it does require more than

the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Lyons has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. Under the Prison Litigation Reform Act ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the Court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

**DISCUSSION**

I.    <u>Right of Access to the Courts</u>

Lyons alleges that defendants Wickersham, Gawine, Weird, Moran, and Pointer violated his right of access to the Courts.

Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have an affirmative duty to protect. *See Bounds v. Smith*, 430 U.S. 817, 821-25 (1977). A prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *See Lewis v. Casey*, 518 U.S. 343, 355 (1996); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To state a violation of this right, a prisoner must allege that a prison official's conduct caused him an actual injury, such as frustration of a particular legal claim. *Hadix v. Johnson*, 182 F.3d 400, 405–06 (6th Cir.1999). "Examples of actual prejudice to pending or contemplated litigation include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline." *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005).

In this case, although Lyons asserts some vague allegations of prejudice, he neither alleges nor establishes facts sufficient to show prejudice, *i.e.*, that any of his constitutionally-guaranteed legal proceedings have been compromised by the defendants' actions. He has thus failed to state a claim that his constitutional right of access to the courts has been denied. This claim must be dismissed.

To the extent that Lyons alleges a violation of his First Amendment right to file a meaningful grievance for redress against the government and asserts that certain defendants failed to adequately respond to his concerns regarding his right of access to the courts, his claims must also be dismissed. The First Amendment guarantees "the right of

the people . . . to petition the Government for a redress of grievances." U.S. Const. amend. I. However, while a prisoner has a First Amendment right to file grievances against prison officials, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the First Amendment does not impose an affirmative obligation on the government to consider, respond to, or grant any relief on a citizen's petition for redress of grievances. *See Smith v. Arkansas State Hwy. Employees, Local 1315*, 441 U.S. 463, 464-65 (1979); *see also Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) ("A citizen's right to petition the government does not guarantee a response to the petition or the right to compel government officials to act on or adopt a citizen's views."). Moreover, a prisoner does not have a constitutionally protected interest in an inmate grievance procedure or the right to an effective procedure. *See e.g., Walker v. Michigan Dep't of Corrections*, 128 F. App'x 441, 445 (6th Cir. 2005); *Argue v. Hofmeyer*, 80 F. App'x 427, 430 (6th Cir. 2003) (citing cases). Thus, to the extent that Lyons is dissatisfied with the defendants' responses to his complaints or grievances, he fails to state a claim upon which relief may be granted. *See Carlton v. Jondreau*, 76 F. App'x 642, 644 (6th Cir. 2003) (prisoner failed to state a claim based upon defendant's failure to investigate grievance); *Proctor v. Applegate*, 661 F. Supp. 2d 743, 766-67 (E.D. Mich. 2009) (Borman, J., adopting magistrate judge's report).

II.    Prison Misconduct Hearing

Next, Lyons challenges various aspects of a misconduct hearing which resulted in his being placed in lock down for thirty days.

A prisoner's ability to challenge a prison misconduct conviction depends on whether the conviction implicated any liberty interest. In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Court prescribed certain minimal procedural safeguards that must be followed before

depriving a prisoner of good-time credits on account of alleged misbehavior. This decision did not create a right to due process that attaches to all prison disciplinary proceedings. The right to due process arises only when the prisoner faces a loss of liberty. The loss of good-time credits may implicate due process concerns where the good-time credits create a right to a shorter sentence rather than are simply a factor considered by the parole board.

Lyons does not allege the loss of good-time credits, nor would such an allegation save Lyons' claims. In Michigan, for prisoners, like Lyons, who were convicted after April 1, 1987, the loss of disciplinary credits does not necessarily affect the duration of a prisoner's sentence because the parole board retains discretion to grant or deny parole. *Thomas v. Eby*, 481 F.3d 434 (6th Cir. 2007).

Even absent a due-process interest in disciplinary credits, a prisoner may be able to raise a due-process challenge to prison misconduct convictions that result in a significant, atypical deprivation. *See Sandin v. Connor*, 515 U.S. 472 (1995). From the information contained in the complaint, it appears that Lyons was in segregation for approximately 30 days. The Sixth Circuit has repeatedly found that confinement to segregation does not present an "atypical and significant" hardship implicating a protected liberty interest. *See Jones v. Baker*, 155 F.3d 810, 812-13 (6th Cir.1998) (two years of segregation while inmate was investigated for murder of prison guard in riot); *Rimmer-Bey*, 62 F.3d at 790-91 (inmate serving life sentence was placed in segregation after serving thirty days of detention for misconduct conviction of conspiracy to commit assault and battery); *Mackey*, 111 F.3d at 460 (one year of segregation after inmate was found guilty of possession of illegal contraband and assault and where reclassification was delayed due to prison crowding). Lyons has not identified any significant and atypical deprivation arising

from his misconduct violation. Because Lyons' misconduct conviction did not result in either an extension of the duration of his sentence or some other atypical hardship, his due-process claim fails. *See Ingram v. Jewell*, 94 F. App'x 271, 273 (6th Cir. 2004).

III.   <u>Black Mold Exposure</u>

Finally, Lyons alleges that he is being exposed to black mold on a daily basis and that defendants Marshall, Hill, and Richard have failed to remedy this dangerous situation.

A prisoner raising an Eighth Amendment claim for inhumane conditions of confinement must meet objective and subjective requirements in order to establish a constitutional violation. *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994). First, the failure to protect from risk of harm must be objectively "sufficiently serious." *Id*. To meet this requirement, the prisoner must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. Second, the prisoner must allege "more than ordinary lack of due care" for his safety. *Id*. at 835. The prisoner must show that the prison official acted with "deliberate indifference" to a substantial risk of harm. The prisoner must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of the facts from which the inference could be drawn that a substantial risk of harm exists, and he must also draw the inference." *Id*. at 837.

The mere allegation of the presence of some mold does not create a condition "intolerable for prison confinement." *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981). Under certain circumstances, exposure to black mold may be sufficiently serious to satisfy the objective component of the Eighth Amendment. *See Board v. Farnham*, 394 F.3d 469, 486-87 (7th Cir. 2005) (mold in the ventilation system violates Eighth Amendment). Here, however, Lyons does not allege that the presence of mold has caused him any health

6

problems or that he is presently at any substantial risk to his health. *See McIntyre v. Phillips*, No. 1:07–cv–527, 2007 WL 2986470, at **2–4 (W.D. Mich. Sept.10, 2007) (dismissing prisoner action and holding that some exposure to black mold is a risk society has chosen to tolerate); *Morales v. White*, No. 07–2018, 2008 WL 4584340, at *14 (W.D. Tenn. 2008) (holding that allegations that black mold is located at some place within a housing unit is insufficient to support an Eighth Amendment claim). As a consequence, Plaintiff's conclusory allegations about the presence of mold do not demonstrate the existence of a sufficiently serious risk to prisoner health.

## CONCLUSION

The Court concludes that Lyons fails to state a claim for which relief may be granted. Accordingly, the Court **ORDERS** Lyons' complaint summarily dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

For the reasons stated in this order, the Court finds an appeal in this case would be frivolous and not taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997). Therefore, Lyons is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Lyons decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis. See* Fed. R. Civ. P. 24(a)(5).

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III

United States District Judge

Dated: December 18, 2012

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 18, 2012, by electronic and/or ordinary mail.

<u>Carol Cohron</u>
Case Manager